**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: ACCUTANE (ISOTRETINOIN) PRODUCTS**
**LIABILITY LITIGATION**

| | | |
|---|---|---|
| Alton Herbert v. Barr Laboratories, Inc., et al, | ) | |
| E.D. Louisiana, C.A. No. 2:12-82 | ) | MDL No. 1626 |

**TRANSFER ORDER**

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiff moves to vacate our order conditionally transferring his action (*Herbert*) to MDL No. 1626. Responding defendant Barr Laboratories, Inc. (Barr) opposes the motion.

In opposing transfer, the *Herbert* plaintiff principally argues that the Panel should deny or defer transfer to permit the resolution of his motion for remand to state court. As we have often held, however, the pendency of a remand motion generally is not a good reason to delay transfer. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.[1] We further note that the record indicates that the transferee court has expeditiously ruled on other remand motions in this docket. *See, e.g.*, Order, No. 8:04-MD-2523 (M.D. Fla. Feb. 2, 2012) (docket no. 988).

After considering all argument of counsel, we find that the *Herbert* action involves common questions of fact with actions in this litigation previously transferred to MDL No. 1626, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our original order directing centralization. In that order, we held that the Middle District of Florida was an appropriate Section 1407 forum for actions "present[ing] complex common questions of fact concerning, *inter alia*, i) the development, testing, manufacturing and marketing of Accutane [isotretinoin], and ii) defendants' knowledge concerning the drug's possible adverse effects." *See In re Accutane Prods. Liab. Litig.*, 343 F. Supp. 2d 1382, 1383 (J.P.M.L. 2004). Like plaintiffs in many actions previously transferred to the MDL, the *Herbert* plaintiff alleges he developed inflammatory bowel disease as a result of his ingestion of isotretinoin (in this case, manufactured and marketed by Barr under the name "Claravis").

---

[*] Judge John G. Heyburn II took no part in the decision of this matter.

[1] In *Herbert*, the Eastern District of Louisiana court has elected to stay the action pending the Panel's ruling on plaintiff's motion to vacate.

- 2 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Middle District of Florida, and, with the consent of that court, assigned to the Honorable James S. Moody, Jr., for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.              Barbara S. Jones
Paul J. Barbadoro                   Marjorie O. Rendell
Charles R. Breyer